**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| CHRISTINA BRINSON, and all other persons similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 2:15-CV-00099-LGW-RSB |
| | ) | |
| PROVIDENCE COMMUNITY CORRECTIONS, INC. | ) ) ) | **(CLASS ACTION)** |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR CLASS CERTIFICATION**

**INTRODUCTION**

This action is brought on behalf of a proposed Class and Subclasses that includes:

**The Class**

All persons who, in Georgia, have paid fees denominated as probation supervision fees to Providence Community Corrections, Inc. since July 7, 2011.

Subclass A

All members of the Class who have paid fees denominated as probation supervision fees to Providence Community Corrections, Inc. at a time when Providence Community Corrections, Inc. did not then have a probation services contract that had been approved by the then-governing authority of the county or municipality where the sentencing court was located and by the then-Chief Judge of that court.

Subclass B

All members of the Class who have paid fees denominated as probation supervision fees to Providence Community Corrections, Inc. at a time when Providence Community Corrections, Inc. did not then have a probation services contract that had been filed with the County and Municipal Probation Advisory Council of Georgia for the court that had placed the person on probation.

This class action challenges the constitutionality of the statutory scheme for Georgia's use of private, for-profit companies to provide probation supervision of those convicted of misdemeanors.  The Plaintiff asserts, on behalf of herself and on behalf of the proposed Class and Subclasses, that the contracts between Providence Community Corrections, Inc., on the one hand, and the State Court of Wayne County and the Wayne County Commission and other courts and local governments, on the other hand, are not valid contracts under Georgia law.  Plaintiffs further assert that the system of private probation as applied under the purported Providence Community Corrections, Inc. contracts is an unconstitutional application of Georgia' statutory scheme for private probation found at O.C.G.A. § 42-8-100, *et seq*.  Plaintiff seeks recovery of fees collected by Providence Community Corrections, Inc. from class members in an action for money had and received. (Doc. 1)

In *Sentinel Offender Svcs., LLC, v. Glover*, 296 Ga. 315 (2014), the Court held that fees paid to a putative private probation company that lacked a valid contract with Columbia County can be recovered by the probationers in an action or money had and received, holding:

> With respect to the Columbia County plaintiffs' ability to recover probation supervision fees paid to Sentinel under the terms of an invalid contract, we find the trial court erred in holding that the doctrine of mutual mistake and the principles of equity prevent Sentinel from having to disgorge any probation supervision fees Sentinel collected from them which the sentencing court had the ability to lawfully impose.
>
> .   .   .
>
> Absent a valid contract, it similarly was not within the lawful power of the Columbia County courts to require probationers to submit to probation supervision provided by Sentinel or any other unauthorized person or entity, thus it was unlawful for Sentinel to extract payment from the plaintiffs for the performance of these services.
>
> Accordingly, the trial court erred in holding Sentinel would not be required to disgorge probation supervision fees it collected from the Columbia County plaintiffs

under an invalid contract.

*Id.* at 332-333.

The validity of the claims asserted by Ms. Brinson and the claims asserted on behalf of members of the proposed Class and Subclasses, are tied to resolution of four common issues:

1.     Whether Georgia's statutory structure for private, for-profit probation services offends protections provided by the United States Constitution.

2.     Whether the provision of private, for-profit probation services under the purported Providence Community Corrections, Inc. contracts is an unconstitutional application of the Georgia statutory scheme.

3.     Whether Georgia's rule that a county commission or city council cannot bind a subsequent commission or council renders the Providence Community Corrections, Inc, contracts invalid once a new commission or city council took office.

4.     Whether compliance with applicable Georgia statutes and regulations are conditions precedent for the validity of contracts with private, for-profit companies for the provision of misdemeanor probation services.

These central, common issues easily fulfill the commonality requirements of Fed.R.Civ.P. 23(a)(2) and (b)(3).

As set forth below, the claims of Ms. Brinson are typical of the claims asserted on behalf of the Class and Subclasses, and she and her counsel will provide adequate representation. Plaintiff's counsel anticipate that discovery will confirm that both the Class and Subclasses will include a sufficient number of persons who have paid fees to Providence Community Corrections, Inc. to meet the numerosity requirements of Rule 23(a)(1).

3

The requirements of both 23(a)(2) and 23(a)(3) have been met.  Plaintiff asks the Court to certify the claims for recovery of fees paid to Providence Community Corrections, Inc. under Rule 23(b)(3).

## ARGUMENT AND CITATION OF AUTHORITY

Rule 23 of the Federal Rules of Civil Procedure provides that an action may be certified to proceed as a class action if the four prerequisites of Rule 23(a) are met and at least one of the three alternative requirements of Rule 23(b) has been satisfied.  "[A] class action may only be certified if the trial court is satisfied, after a rigorous analysis, that the[se] prerequisites ... have been satisfied." *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982).

"In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (citation omitted).  Nevertheless, because "the class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action[,]'" *Falcon*, 457 U.S. at 160, quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978), it may be necessary for the trial court to "probe behind the pleadings" to determine whether the requirements of Rule 23 are satisfied:

> Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.

*Falcon*, 437 U.S. at 160; *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-352 (2011); *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013).

However, "[a]lthough ... a court's class-certification analysis must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim,' ... Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage.  Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen, Inc. v. Conn. Retirement Plans & Trust Funds*, 568 U.S. 455, 464 (2013) (internal citations omitted).

## I.      The Requirements of Rule 23(a).

Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

### A.      Numerosity.

"To satisfy the numerosity requirement, Plaintiffs must establish that the members of the proposed class and subclass are so numerous that joinder of all members is impracticable." *In re Scientific-Atlanta, Inc. Securities Litig.*, 571 F. Supp.2d 1315, 1324 (N.D. Ga. 2007).  "In order to demonstrate numerosity, plaintiffs need not prove that joinder is impossible; rather, plaintiffs need only show that it would be extremely difficult or inconvenient to join all members of the class." *Id.* at 1324 (citation and internal quotation omitted). "Courts have considered several factors in determining the practicability of joinder, including the size of the class, the ease of identifying its numbers and determining their addresses, the facility of making service on them if joined, and their

geographic dispersion." *Id*. at 1324-1325, quoting *Kilgo v. Bowman Transp., Inc.,* 789 F.2d 859, 878 (11th Cir.1986).

"[A] Plaintiff need not show the precise number of members in the class" *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983), to satisfy the numerosity requirement, but "[g]enerally, less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors." *Cox v. American Cast Iron & Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986), *cert. denied* 479 U.S. 883 (1986).

It is difficult to imagine that there could be fewer than forty people who fall within the proposed Class and within the proposed Subclasses.   Plaintiff expects that discovery will confirm numerosity.

### B.   There Are Questions of Law and Fact Common to the Class and Subclasses.

"The commonality requirement of Rule 23(a)(2) requires *one* or more 'questions of law or fact common to the class.'" *In re Scientific-Atlanta, Inc. Sec. Litig*., 571 F.Supp.2d at 1325 (italics added), quoting Fed. R. Civ. P. 23(a)(2); *accord Dukes*, 564 U.S. at 358 ("[F]or purposes of Rule 23(a)(2), even a single [common] question will do[.]")(citation and internal quotations omitted).  The commonality requirement is a "low hurdle," *Williams v. Mohawk Industries, Inc.*, 568 F.3d 1350, 1356 (11th Cir. 2009) (citation omitted), that "is relatively easy to satisfy." *Buford v. H&R Block, Inc*., 168 F.R.D. 340, 349 (S.D. Ga. 1996); *accord Jenkins v. Raymark Industries.*, 782 F.2d 468, 472 (5th Cir. 1986) ("The threshold of 'commonality' is not high...[T]he rule requires only that resolution of the common question affect all or a substantial number of the class members")..

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered

the same injury.'" *Dukes*, 564 U.S. at 350, quoting *Falcon*, 457 U.S. at 157.  "This does not mean

merely that they have all suffered a violation of the same provision of law." *Dukes*, 564 U.S. 350.

Instead, "[t]heir claims must depend upon a common contention" that "is capable of classwide

resolution–which means that determination of its truth or falsity will resolve an issue that is central

to the validity of each one of the claims in one stroke." *Id.*

These claims present numerous common questions of fact and law, including without

limitation:

1.   Whether Providence Community Corrections, Inc. engaged in the actions
     subject to complaint;

2.   Whether O.C.G.A. § 42-8-100, *et seq*., is unconstitutional as written.

3.   Whether O.C.G.A. § 42-8-100, *et seq*., is unconstitutional as applied.

4.   Whether the contracts between Providence Community Corrections, Inc. and
     the State Court of Wayne County and other courts are valid.

5.   The amount of fees Providence Community Corrections, Inc. wrongfully
     collected from members of the Class and Subclasses.

6.   The validity *vel non* of contracts for probation supervision services not filed
     with the County and Municipal Probation Advisory Council of Georgia.

Plaintiff is filing with this brief copies of fourteen contracts between Providence Community

Corrections, Inc. and nine Georgia courts.  Aff. Elizabeth Bell.  All reflect the same manner of doing

business with all compensation paid by probationers.  All purport to set probation service fees by

contract.

As noted in the Introduction, resolution of the issues as to the constitutionality of Georgia's

system of probation by private, for-profit corporations, and the validity of the Providence

Community Corrections, Inc. contracts will each resolve all asserted claims on a class-wide and

7

subclass-wide basis.  The commonality requirement is fulfilled.

C.    **Plaintiff's Claims Are Typical of Class Members' Claims.**

Rule 23(a)(3) requires "the claims ... of the representative parties [to be] typical of the claims ... of the class."  Representative "claims need not be identical to satisfy the typicality requirement." *Ault v. Walt Disney World Co.,* 692 F.3d 1212, 1216 (11th Cir. 2012).  Rather, "there need only exist 'a sufficient nexus ... between the legal claims of the named class representatives and those of individual class members to warrant class certification.' " *Id.*, quoting *Prado–Steiman v. Bush,* 221 F.3d 1266, 1278–79 (11th Cir. 2000). "This nexus exists 'if the claims ... of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.' " *Id.*, quoting *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir. 1984).

"[T]he test for typicality 'is not demanding.'" *In re Scientific-Atlanta, Inc. Sec. Litig.*, 571 F.Supp.2d at 1326, quoting *Stirman v. Exxon Corp.,* 280 F.3d 554, 562 (5th Cir. 2002).  "Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class.  If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *Id.*; *see also Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir. 2001) ("The typicality requirement may be satisfied despite substantial differences ... when there is a 'strong similarity of legal theories)(quoting *Appleyard v. Wallace,* 754 F.2d 955, 958 (11th Cir.1985)).

Here, the claims that Plaintiff asserts individually and the claims that she asserts on behalf of the Class and the Subclasses all arise out of the same practices and factual foundation, and are all based upon the same legal theories. Accordingly, Plaintiff's claims are typical of the claims asserted

8

on behalf of the Class and the Subclasses.

**D.  Plaintiff and Her Counsel Will Adequately Represent the Interests of the Class Members.**

"The adequacy of representation prerequisite of Rule 23 requires that the class representatives have common interests with the non-representative class members and requires that the representatives demonstrate that they will vigorously prosecute the interests of the class through qualified counsel." *In re Scientific-Atlanta, Inc. Sec. Litig.*, 571 F. Supp.2d at 1331 (citation omitted).  "[T]he adequacy of representation analysis involves two inquiries: '(1) whether any substantial conflicts of interest exist between the representatives and the class, and (2) whether the representatives will adequately prosecute the action.'" *Id.*, quoting *Valley Drug Co. v. Geneva Pharms., Inc.,* 350 F.3d 1181, 1189 (11th Cir.2003) (additional citation omitted).

"The existence of minor conflicts alone are not sufficient to defeat a party's claim to class certification." *In re Scientific-Atlanta, Inc. Sec. Litig.*, 571 F. Supp.2d at 1331.  "Rather, 'the conflict must be a 'fundamental' one going to the specific issues in controversy.'" *Id.*, quoting  *Valley Drug Co.*, 350 F.3d at 1189.  "A fundamental conflict exists where some party members claim to have been harmed by the same conduct that benefitted other members of the class." *Valley Drug Co.*, 350 F.3d at 1189.  "In such a situation, the named representatives cannot vigorously prosecute the interests of the class through qualified counsel because their interests are actually or potentially antagonistic to, or in conflict with, the interests and objectives of other class members." *Id.* (citation and internal quotation marks omitted).

"The adequate representation requirement [also] involves questions of whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation[.]" *Belton*

*v. Georgia*, No. 1:10-CV-0583-RWS, 2011 WL 925565, *5 (N.D. Ga. Mar. 14, 2011), quoting *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985).

Plaintiff has been made aware of her responsibilities and duties as class representative. Counsel are not aware of any interests that she possesses that might conflict with the interests of other class members.

Plaintiff's counsel have the experience, expertise and resources to prosecute this action as a class action.  They have served as class counsel in numerous class actions and other complex litigation and do not possess any interests antagonistic to those of class members. Aff. of John B. Long, at ¶¶ 3-4; Aff. of John C. Bell, Jr., ¶¶ 3-9.

Together, Plaintiff and her counsel will adequately protect the interests of the class members.

## II.     The Requirements of Rule 23(b)(3) Are Satisfied.

Certification of a class is appropriate under Rule 23(b)(3) where "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The Court should consider the following matters in making this determination:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*Id*.

10

"In adding 'predominance' and 'superiority' to the qualification-for-certification list, the Advisory Committee sought to cover cases in which a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (citation and some internal quotations omitted).

### A.    Common Questions Predominate.

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 623  (citation omitted).  The Eleventh Circuit succinctly summarized the predominance inquiry as follows:

> Under Rule 23(b)(3), [i]t is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions.  In determining whether class or individual issues predominate in a putative class action suit, we must take into account the claims, defenses, relevant facts, and applicable substantive law, to assess the degree to which resolution of the classwide issues will further each individual class member's claim against the defendant.
>
> Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action.  Common issues of fact and law predominate if they ha[ve] a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief. Where, after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3).

*Klay v. Humana, Inc.*, 382 F.3d 1241, 1254-55 (11th Cir. 2004) *abrogated in part on other grounds, Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008) (internal citations, quotations and footnotes omitted).   At the class certification stage, the plaintiffs "need not ... prove that the predominating question will be answered in their favor." *Amgen*, 568 U.S. at 468.

11

As discussed *supra*, the claims asserted on behalf of the Class and the Subclasses in this action all arise out of the same practices and thus share a common factual predicate.  Resolution of the common claims as to constitutionality, as written in the statute and as applied under the Providence Community Corrections, Inc. contracts, and the validity of the Providence Community Corrections, Inc. contracts under Georgia law, will determine Providence Community Corrections, Inc.'s liability, *vel non*, as to all members of the proposed Class and Subclasses.  These common issues predominate.

The only individual issues that may exist in the case will be limited to the calculation of the amount of money paid to Providence Community Corrections, Inc. for supervision fees by each member of the Class and Subclasses. "[N]umerous courts have recognized that the presence of individualized damages issues does not prevent a finding that the common issues in the case predominate." *Klay*, 382 F.3d at 1259, quoting *Allapattah Servs. v. Exxon Corp.,* 333 F.3d 1248, 1261 (11th Cir.2003), *reh'g en banc denied,* 362 F.3d 739 (11th Cir. 2004); *see also In re Tri–State Crematory Litig.,* 215 F.R.D. 660, 692 n. 20 (N.D. Ga. 2003) ("The requirement of determination of damages on an individual basis does not foreclose a finding of predominance or defeat certification of the class.").  This is true "particularly where damages can be computed according to some formula, statistical analysis, or other easy or essentially mechanical methods[.]" *Klay*, 382 F.3d 1259-60 (footnotes omitted).

Such is the case here.  The amount of fees paid to Providence Community Corrections, Inc. by each class member should be easily ascertained from records maintained by Providence Community Corrections, Inc.   Discovery should confirm whether this assumption is correct.

###### B.   A Class Action Is the Superior Method for Adjudicating this Controversy.

The superiority requirement is rooted in ensuring that claims, especially claims by large groups of people for small amounts of money, are adjudicated in a fair, efficient, and economical manner:

> The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.  A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.

*Amchem Products, Inc.,* 521 U.S. at 617; *accord Phillips Petroleum v. Shutts*, 472 U.S. 797, 809 (1985) ("Class actions also may permit the plaintiffs to pool claims which would be uneconomical to litigate individually ... this lawsuit involves claims averaging about $100 per plaintiff; most of the plaintiffs would have no realistic day in court if a class action were not available"); *Deposit Guaranty Nat. Bank  v. Roper*, 445 U.S. 326, 338-339 (1980) (noting that when it is economically unfeasible for claimants to file individual damage suits, aggrieved persons may be without effective relief unless the class action device is available).  *See Merrimon v. Unum Life Ins. Co. of Amer.*, 845 F. Supp.2d 310, 327 (D. Me. 2012) ("[T]he class members' claims appear to be individually quite small ... making their interests in individually controlling this litigation quite limited.") (footnote omitted from quote), rev'd on other grounds, 758 F.3d 46; *Otte v. Life Ins. Co. of N. Amer.*, 275 F.R.D. 51, 59 (D. Mass. 2011) ("Otte illustrates by way of example that the likely recovery by each plaintiff would give little if any incentive for bringing of individual suits.")

Individual lawsuits brought solely to recover probation supervision fees collected by Providence Community Corrections, Inc. would not be economically viable.

As for the second and third factors, Plaintiff is not aware of any other litigation currently pending against Providence Community Corrections, Inc. in Georgia alleging similar claims, nor is the Plaintiff aware of any reason why the litigation should not be concentrated in this forum.

Preliminary approval has been given to a class-wide settlement of an action against Providence asserting claims similar to the claims asserted in this case.  *Rodriguez, et al. v. Providence Community Corrections, Inc., et al.*, Doc. 197, 3:15-CV-1048 (M.D. Tenn.).  This settlement can be viewed as acknowledgment by Providence of the superiority of a class.

Finally, Plaintiff does not foresee any difficulties likely to be encountered in the management of this action as a class action.  As the Eleventh Circuit has explained, a concern about manageability "will rarely, if ever, be in itself sufficient to prevent certification of a class," *Klay*, 382 F.3d at 1272, and "the factor of manageability is ordinarily satisfied so long as common issues predominate[.]" *Williams v. Mohawk Industries, Inc.*, 568 F.3d 1350, 1358 (11th Cir. 2009).  This is so for two reasons:

> First, we are not assessing whether this class action will create significant management problems, but instead determining whether it will create relatively more management problems than any of the alternatives .... Second, where a court has already made a finding that common issues predominate over individualized issues, we would be hard pressed to conclude that a class action is less manageable than individual actions.

*Williams*, 568 F.3d at 1358, quoting *Klay*, 382 F.3d at 1273.  Common issues predominate over individual issues in this case, and a class action will be more manageable and superior to individual actions.

14

## CONCLUSION

Plaintiff's motion for certification of the proposed Class and Subclasses and designations of class representative and class counsel should be granted.

Respectfully submitted,

  _s/ John C. Bell, Jr._
John C. Bell, Jr.
Georgia Bar No.  048600
Lee W. Brigham
Georgia Bar No.  081698
BELL & BRIGHAM
Post Office Box 1547
Augusta, Georgia 30903-1547
(706) 722-2014 p
(706) 722-7552 f
john@bellbrigham.com
lee@bellbrigham.com

John B. Long
Georgia State Bar No. 457200
Thomas W. Tucker
Georgia State Bar. No. 717975
TUCKER LONG, P.C.
P. O. Box 2426
Augusta, GA 30903
(706) 722-0771
jlong@tuckerlong.com
ttucker@tuckerlong.com

JASON CLARK (Bar No. 127181)
JASON CLARK, P.C.
2225 Gloucester St.
Brunswick, GA 31520
(912) 264-1999
jason@jasonclarkpc.com

JOHN R. B. LONG (Bar No. 516133)
JOHN R. B. LONG, P.C.
411 Telfair Street
Augusta, GA 30901
(706) 868-8011
jlongattorney@aol.com

COUNSEL FOR PLAINTIFFS

<u>**CERTIFICATE OF SERVICE**</u>

I certify that I caused a copy of the foregoing document to be filed with the

Clerk of Court using the Court's electronic filing system which will cause a copy of

the document to be served electronically upon the following opposing counsel of

record:

William H. Horlock, Jr., Esquire
Glenn S. Bass, Esquire
SCRUDDER, BAASS, QUILLIAN, HORLOCK TAYLOR & LAZARUS LLP
900 Circle 75 Parkway, Suite 850
Atlanta, GA 30339

Michael R. Baumrind, Esquire
Tianna S. Mykkeltvedt, Esquire
BONDURANT MIXSON & ELMORE LLP
1201 West Peachtree Street, NW, Suite 3900
Atlanta, GA 30309

This 9th day of May, 2018.

                                   *s/ John C. Bell, Jr*
                                   John C. Bell, Jr.
                                   COUNSEL FOR PLAINTIFFS