IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CHRISTINA BRINSON, and other Persons similarly situated, : : : Plaintiffs, : : v. : : PROVIDENCE COMMUNITY CORRECTIONS, : : : Defendant. : | CIVIL ACTION FILE NO. 2:15-CV-00099-LGW-RSB |

## DEFENDANT'S MOTION TO STAY THE TIME TO RESPOND TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Defendant Providence Community Corrections, now known as Pathways Community Corrections ("PCC"), respectfully requests that this Court stay PCC's time to respond to Plaintiff Christina Brinson's Motion for Class Certification (Dkt. No. 50). Ms. Brinson's Motion for Class Certification may be moot once this Court (1) resolves the jurisdictional and *Heck v. Humphrey*[1] questions that this Court raised and the parties addressed at the February 2018 hearing and (2) decides whether to grant Ms. Brinson's Motion for Leave to Amend the Complaint (Dkt. No. 32). Accordingly, PCC asks this Court to stay its time to file a response while the Court decides these issues.

## BACKGROUND

Ms. Brinson filed this putative class action against PCC in July 2015. In March 2016, this Court granted PCC's motion to dismiss and dismissed this case on the merits. *Brinson v. Providence Cmty. Corr.*, No. CV 215-99, 2016 WL 9651775 (S.D. Ga. Mar. 31, 2016), *vacated and remanded*, 703 F. App'x 874 (11th Cir. 2017). Ms. Brinson appealed.

---
[1] 512 U.S. 477, 486–87 (1994).

The Eleventh Circuit Court of Appeals did not rule on the merits of Ms. Brinson's claims. Instead, it vacated the dismissal order and remanded with instructions to ensure the existence of subject matter jurisdiction. *Brinson*, 703 F. App'x at 876-78. On remand, the Court ordered limited jurisdictional discovery to address subject matter jurisdiction and whether this action is barred under *Heck v. Humphrey*. Oct. 10, 2017 Order (Dkt. No. 20).

After discovery, the parties agreed that all of the issues the Eleventh Circuit raised had been resolved, except the *Heck v. Humphrey* issue. *See* Joint Motion for Modification of the Scheduling Order ("Joint Motion") ¶ 12 (Dkt. No. 33). In other words, the parties agreed that this Court has jurisdiction to hear this case but disagreed on whether *Heck v. Humphrey* mandates dismissal.

Ms. Brinson also filed a Motion for Leave to Amend the Complaint. (Dkt. No. 32.) The proposed amended complaint repeats the same allegations in the original complaint and raises the same claims, but it also adds one additional claim. (*See id.*) PCC opposed Ms. Brinson's motion and explained why her one new claim in her proposed amended complaint was subject to dismissal under Rule 12(b)(6). (Dkt. No. 37.)

The Court held a hearing to address the jurisdictional issues and *Heck* in February 2018. After the hearing, the Court took these issues under advisement and indicated that it might ask the parties to answer a few remaining questions, after which it would issue an order. The Court has not yet posed additional questions to the parties. Nor has the Court ruled on these issues or the pending Motion for Leave to Amend.

**ARGUMENT**

This Court has the "power to stay proceedings," which "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of

time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see, e.g.*, *Fitzer v. Am. Inst. of Baking, Inc.*, No. CV 209-169, 2010 WL 1955974, at *1 (S.D. Ga. May 13, 2010). To that end, local Rule 23.2 governing motions for class certification expressly authorizes this Court to order any "preliminary procedures as appear to be appropriate and necessary under the circumstances."

A stay of PCC's time to respond to Ms. Brinson's Motion for Class Certification is appropriate because Ms. Brinson's motion may be moot once the Court decides the jurisdictional issues and whether *Heck* bars Ms. Brinson's claims. If the Court decides it lacks jurisdiction in this case, it will dismiss the original complaint without prejudice. If the Court decides that it has jurisdiction, it can dismiss the case with prejudice for the reasons in its original order of March 31, 2016 or under *Heck v. Humphrey*. Either way, the result is that the Court will dismiss the original complaint, and there will be no need to brief the class certification question.

Ms. Brinson also asks this Court to certify a subclass related to the one new claim asserted in her proposed amended complaint, but the Court has not granted her Motion for Leave to Amend. Thus, Ms. Brinson has not filed an amended complaint, and there is no such subclass to certify. Moreover, as PCC argued in its response, Ms. Brinson's proposed amended complaint fails to state a claim for relief. (Dkt. No. 37.) Accordingly, the Court will have no need to decide the class certification issues Ms. Brinson now raises, and PCC will have no need to brief these issues. Even if the Court eventually needs to rule on Ms. Brinson's class certification motion, it is likely untimely and Ms. Brinson's class certification allegations are subject to being stricken.[2]

---

[2] Local Rule 23.2 provides that the plaintiff must file any motion for class certification within 90 days after the filing of a complaint. LR 23.2, S.D. Ga. Ms. Brinson filed her complaint on July 22, 2015. Her deadline to file a motion for class certification expired on

1675416.1

For these reasons, PCC respectfully requests that the Court stay PCC's time to respond to Ms. Brinson's Motion for Class Certification pending resolution of the jurisdictional and *Heck* issues and pending the Court's decision on Ms. Brinson's Motion for Leave to Amend. For the Court's convenience, Defendant attaches a proposed order as Exhibit A.

*Signature continues on the following page.*

---

October 20, 2015, well before this Court initially dismissed this case and it went up on appeal. She filed her current motion over 930 days later. Even excluding the time this case was on appeal, Ms. Brinson's motion is about 370 days overdue.

    Courts applying materially identical local rules have denied motions for class certification filed much more promptly than Ms. Brinson's. *See, e.g.*, *Goers v. L.A. Entm't Grp., Inc.*, No. 2:15-CV-412-FTM-99CM, 2017 WL 78634, at *1 (M.D. Fla. Jan. 9, 2017) (**97 days** after the deadline); *Wright v. Dyck-O'Neal, Inc.*, No. 2:15-cv-249-FtM-38MRM, 2016 WL 3912050, at *6 (M.D. Fla. June 27, 2016), *report and recommendation adopted*, No. 2:15-cv-249-FtM-38MRM, 2016 WL 3883269 (M.D. Fla. July 18, 2016) (motion still not filed at **346 days**); *Wilborn v. Greystar Real Estate Partners, LLC*, No. CV 13-1556-JFW, 2013 WL 12143941, at *2 (C.D. Cal. Sept. 10, 2013) (**70 days** after the deadline); *Nabut v. Dascents, LLC*, No. 11-2762, 2012 WL 2915869, at *2 (E.D. La. July 17, 2012) (motion still not filed at **150 days**); *Wilcox v. Taco Bell of Am., Inc.*, No. 8:10-CV-2383-T-33MAP, 2011 WL 3444261, at *2 (M.D. Fla. Aug. 8, 2011) (motion still not filed at **98 days**); *Harvey v. Texell Fed. Credit Union*, No. W-11-CA-00054, 2011 WL 13237781, at *1 (W.D. Tex. June 9, 2011) (**17 days** after the deadline); *Lopez v. Citigroup Inc.*, No. SACV08-01317-CJC(MLGx), 2009 WL 10673131, at *1 (C.D. Cal. Nov. 4, 2009) (**174 days** after the deadline); *Seyboth v. Gen. Motors Corp.*, No. 8:07-CV-2292-T-27TBM, 2008 WL 1994912, at *2 (M.D. Fla. May 8, 2008) (**52 days** after the deadline); *Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 695 (N.D. Fla. 2006) (**131 days** after the deadline); *In re Morrison*, 250 B.R. 456 (Bankr. S.D. Ga. 2000), *vacated on other grounds by Fleetwood Homes of Ga. v. Morrison*, 263 B.R. 646 (S.D. Ga. 2000) (**50 days** after the deadline).

    Moreover, this Court may deny the Motion *sua sponte* as untimely. *See, e.g.*, *Nabut*, 2012 WL 2915869, at *2; *see also McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559 (5th Cir. 1981) ("The trial court has an independent obligation to decide whether an action was properly brought as a class action, even where neither party moves for a ruling on class certification.").

This 14th day of May, 2018.

/s/ *Michael R. Baumrind*
Glenn S. Bass
Ga. Bar No. 041220
SCRUDDER, BASS, QUILLIAN, HORLOCK TAYLOR & LAZARUS LLP
900 Circle 75 Parkway, NW, Suite 850
Atlanta, Georgia 30339
gbass@scrudderbass.com
(770) 612-9200

Tiana Mykkeltvedt
Ga. Bar No. 533512
Michael R. Baumrind
Ga. Bar No. 960296
BONDURANT MIXSON & ELMORE LLP
1201 West Peachtree St. Suite 3900
Atlanta, GA 30309
mykkelvedt@bmelaw.com
baumrind@bmelaw.com
(404) 881-4100

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically served through CM/ECF the foregoing **DEFENDANT'S MOTION TO STAY THE TIME TO RESPOND TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** upon all parties to this matter through their counsel as follows:

John B. Long, Esq.
Thomas W. Tucker, Esq.
Tucker & Long, P.C.
P.O. Box 2426
Augusta, GA  30903

John C. Bell, Jr., Esq.
Bell & Brigham
457 Greene Street
Augusta, GA  30901

Jason Clark, Esq.
Jason Clark, P.C.
2225 Gloucester Street
Brunswick, GA  31520

John R.B. Long, Esq.
John R.B. Long, P.C.
411 Telfair Street
Augusta, GA  30901

This 14th day of May, 2018.

/s/ *Michael R. Baumrind*
Michael R. Baumrind