**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| CHRISTINA BRINSON, and all other persons similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION FILE NO. 2:15-CV-00099-LGW-RSB |
| PROVIDENCE COMMUNITY CORRECTIONS, INC. | ) | **(CLASS ACTION)** |
| Defendant. | ) | |

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO STAY**

Defendant moves for a stay of response to Plaintiff's motion for class certification, arguing that it is too soon for this Court to consider class certification, but further arguing that Plaintiff's motion is too late, citing L.R. 23.2. It is fair to assume that Defendant would have filed a similar motion to stay consideration of class certification had Plaintiff moved for certification in the days following the filing of Defendant's motion to dismiss on August 25, 2015, in lieu of an answer. Doc. 8.

Plaintiff asks the Court to decline to strike the motion for class certification on the grounds that it was not filed on or before October 20, 2015, and to enter an appropriate case management order. Plaintiff's counsel further suggests that this Court consider whether L.R. 23.2 should be deleted or substantially modified in light of developing precedent on the issue of class certification and the present role of scheduling orders in all civil actions filed in this Court.

The substantive requirements for class certification have through the years changed drastically.

The rule in the Fifth Circuit, prior to the circuit split, focused consideration of class certification on analysis of the complaint. In *Huff v. N.D. Cass Co. of Alabama*, 485 F.2d 710 (5th Cir. 1973), the Court held:

> Maintainability may be determined on the basis of pleadings, *see Hyatt v. United Aircraft Corp.*, 50 F.R. D. 242 (D.C.Conn.1970), *cf. Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972) but "[t]he determination usually should be predicated on more information than the complaint itself affords." 7A Federal Practice & Procedure (*Wright & Miller ed.*) § 1785, p. 131. The court may, and often does, permit discovery relating to the issues involved in maintainability, and a preliminary evidentiary hearing may be appropriate or essential as a part of the vital management role which the trial judge must exercise in class actions to assure that they are both meaningful and manageable.

485 F.2d at 713.

Subsequent decisions have shifted consideration of class certification to evidence presented in support or in opposition to class certification:

> Evidentiary proof is required to show compliance with Rule 23. *Comcast Corp. v. Behrend*, —— U.S. ——, ——, 133 S.Ct. 1426, 1432, 185 L.Ed.2d 515 (2013) (quoting *Dukes*, 131 S.Ct. at 2551–52). The party seeking class certification must prove compliance by a preponderance of the evidence. *See Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 811 (7th Cir. 2012); *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 320 (3d Cir. 2009); *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008). Even where the parties have not contested an element of Rule 23, "a court nevertheless has the responsibility of conducting its own inquiry as to whether the requirements of Rule 23 have been satisfied in a particular case." *Valley Drug*, 350 F.3d at 1188.

*Foster v. Green Tree Servicing, LLC*, No. 8:15-CV-1878, 2017 WL 5508371 * 3 (M.D. Fla., Nov. 14, 2017).

Rule 23(c) once commanded courts to determine class certification "as soon as practicable after commencement of an action," but now provides "at an early practicable time." F.R.Civ.P. 23(c)(1)(a).

The standard practice in this Court, as in most federal courts, is for a scheduling order to be entered that provides for a period of discovery and subsequent deadlines for motions and briefs in

support and in opposition to class certification. L.R. 26.1; *see* examples at Tab 1.

Wright, Miller & Kane provides guidance:

> Either plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1). However, the court has an independent obligation to decide whether an action brought on a class basis is to be so maintained even if neither of the parties moves for a ruling under subdivision (c)(1).

7AA *Wright, Miller & Kane*, Federal Practice and Procedure, § 1785, pp. 360-361.

These authors further note:

> Both under the prior language of the rule and the current language, the general notion is that, when feasible, the certification decision should be made promptly. To that end, some district courts have adopted local rules providing a specific time within which a party must move for a class determination. Failure to comply with that rule has resulted in the dismissal of the class allegations on the ground that it demonstrated that the attorneys could not adequately represent the class. In general, however, the untimeliness of a class-certification motion, in and of itself, will not justify denying class status to the action. Rather, the delay will be evaluated in light of the circumstances of the case and certification will be denied only when the late timing of the determination may cause prejudice or unduly complicate the case.

*Id.*, § 1785.3, pp. 448-451. *Accord, Gore v. Turner*, 563 F.2d 159, 165 (5th Cir. 1977) ("[T]his Court has held that the trial court has an independent obligation to decide whether an action was properly brought as a class action even if neither party moves for a ruling.").

The experience of the writer of this brief is that motions for class certification filed within ninety days of the filing of a lawsuit are preliminary, skeletal motion not ready for adjudication by the court.

Three decisions of the Southern District could be found that address L.R.23.2. In *Ramos-Barrientos v. Bland*, CV606-89, 2009 WL 1097339 * 2 (S.D. Ga., April 21, 2009), Judge Smith held:

> Another factor is the adequacy of counsel. *See id.* at 412. And being "late" in filing a class-action certification motion apparently is so common that courts actually consider it in making such adequacy determinations. *Id.* (in ruling on a motion to

certify a class action, lateness of filing of the motion is a factor in determining whether plaintiffs' counsel can adequately represent the interests of the class members). As the *Yapuna* court explained:

> Case law in the Fifth, Tenth, and Eleventh Circuit suggest that an untimely request for class certification is not a bar to the maintenance of a class action because under Fed.R.Civ.P.23(c)(1), the district court is "independently obligated" to decide whether an action should be brought on a class-wide basis. *See Trevizo v. Adams*, 455 F.3d 1155, 1161 (10th Cir.2006) (interpreting Rule 23(c)(1) to require the trial court to "take up class actions status" in a timely manner "whether requested to do so or not by a party or parties, where it is an element of the case," and therefore does not create an independent basis for denying a party's motion); *Martinez–Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1216 n. 37 (11th Cir.2003) ("Under Rule 23(c)(2), the trial court has an independent obligation to decide whether an action was properly brought as a class action, even where ... neither party moves for a ruling on class certification."); *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559 (5th Cir.1981) (same). On the other hand, the Second Circuit has affirmed the denial of motions for class certification based on untimeliness. *See Sterling v. Environ. Control Bd. of City of New York*, 793 F.2d 52, 58 (2nd Cir.1986) (holding that a party's failure to move for class certification until a late date is a valid reason for denial of the motion).

*Id.* at 412. Given these considerations and the fact that the class-action certification motion (doc. 103) here is before the district judge, it makes sense to RESERVE this "timeliness" motion (doc. 146) to him.

*Id.*

In that same case, Judge Edenfield subsequently denied class certification, holding:

> Plaintiffs' counsel additionally claims that the delay in filing the motion resulted from an "oversight" by his former office manager. *Id.* at 19. A delay of over two years in filing a certification motion cannot be simply passed off as an "innocent oversight." Accordingly, Plaintiffs' motion for Rule 23 class certification is denied.

*Ramos-Barrientos v. Bland*, No. 606CV89, 2009 WL 3851624 * 4 (S.D. Ga., Nov. 17, 2009).

Judge Walker likewise has denied class certification because the motion was not filed within ninety days. *In re Morrison*, 250 B.R. 456, 462 (S.D. Ga. 2000).

Plaintiff submits that the better rule comes form the Fifth Circuit:

> While the employees did not comply with Local Rule 18 of the United States District Court for the Southern District of Mississippi requiring a plaintiff to file a motion for class certification within 45 days after the answer is filed, a technical violation alone may not be sufficient to require denial of certification. *Gray v. Greyhound Lines, East*, 545 F.2d 169, 173 n.11 (D.C.Cir.1976); *Castro v. Beecher*, 459 F.2d 725, 731 (1st Cir. 1972); *Marquez v. Kiley*, 436 F.Supp. 100, 109 n.9 (S.D.N.Y.1977).

*McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559, n. 3 (5th Cir. 1981) (Unit A), cited with approval, *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir. 1986).

The Order of the Magistrate entered July 22, 2015, could, and Plaintiff asserts should, be deemed as superceding the commands of L.R. 23.2, as that Order provided, in pertinent part:

> **RULE 26 INSTRUCTION ORDER**
>
> Federal Rule of Civil Procedure 26(f) requires the parties to confer, develop a proposed discovery plan, and submit a report to this Court. Subsequent to the filing of the report, a Scheduling Order must be entered pursuant to Federal Rule of Civil Procedure 16(b). Therefore, by the **earlier** of (1) **twenty-one (21) days** after the filing of the last answer of the defendants named in the original complaint; or (2) **forty-five (45) days** after the first appearance by answer or motion under Federal Rule of Civil Procedure 12 of a defendant named in the original complaint, the parties shall confer as provided in Rule 26(f). See L.R. 26.1(a). Thereafter, within **fourteen (14) days** after the required conference held pursuant to 26(f), the parties shall submit to the Court a written report conforming to the language and format of the Rule 26(f) Report attached to this Order outlining their discovery plan. See. L.R. 26.1(b).

Doc. 2.

Counsel for both parties then failed to submit a proposed scheduling order. They should be ordered to do so promptly.

**CONCLUSION**

The issue of whether to stay the pending motion for class certification is directed to the discretion of this Court. Such a stay could be for a set time, with discovery allowed in the meantime, or it could be a stay of undetermined length with no discovery allowed.

Plaintiff's counsel ask the Court to do the former, and suggest a stay of 90 to 120 days with

discovery allowed and with the Defendant's brief being due thirty days after the end of the discovery period.

Respectfully submitted,

BELL & BRIGHAM

*s/ John C. Bell, Jr.*

John C. Bell, Jr.
Georgia State Bar No. 048600
Lee W. Brigham
Georgia State Bar No. 081698
PO Box 1547
Augusta, GA 30903-1547
(706) 722-2014
john@bellbrigham.com

John B. Long
Georgia State Bar No. 457200
Thomas W. Tucker
Georgia State Bar. No. 717975
TUCKER LONG, P.C.
P. O. Box 2426
Augusta, GA 30903
(706) 722-0771
jlong@tuckerlong.com
ttucker@tuckerlong.com

JASON CLARK (Bar No. 127181)
JASON CLARK, P.C.
2225 Gloucester St.
Brunswick, GA 31520
(912) 264-1999
jason@jasonclarkpc.com

JOHN R. B. LONG (Bar No. 516133)
JOHN R. B. LONG, P.C.
411 Telfair Street
Augusta, GA 30901
(706) 868-8011
jlongattorney@aol.com

COUNSEL FOR PLAINTIFF

Tab 1

FILED
U.S. DISTRICT COURT
2008 JUL 18 AM 11:22
CLERK L. J. [illegible]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MICHAEL TERRILL, on behalf of himself and all others similarly situated,

Plaintiff(s),

v. CV 108-030

ELECTROLUX HOME PRODUCTS, INC., d/b/a FRIGIDAIRE®,

Defendant.

**SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b) and the Local Rules of this Court, and having reviewed the Rule 26(f) Report, the following dates represent the scheduling deadlines in the above-styled case. The Court recognizes that there is a pending motion to dismiss in this case. Accordingly, the deadlines up to the date for filing a motion for class certification have been extended by **THIRTY** (30) days in an effort to account for any resultant delay occasioned by that motion.

| | |
|---|---|
| DATE ISSUE JOINED | May 15, 2008[1] |
| DATE OF RULE 26(f) CONFERENCE | June 4, 2008[2] |

[1]The Court notes that no answer has been filed in the above-captioned case. As such, the Court has used, for the purpose of calculating the scheduling deadlines set from the date issue joined, the date that Defendant filed its motion to dismiss. (See doc. no. 35).

[2]Pursuant to the Court's March 5, 2008 Order, the Rule 26(f) conference should have been held no later than June 4, 2008, and the Rule 26(f) Report should have been submitted to the Court within ten (10) days of the Conference. However, the parties began the Rule 26(f) conference on June 3, 2008, completed the Rule 26(f) conference on June 27, 2008, and submitted the joint 26(f) Report on June 27, 2008. The deadlines in this case have been calculated from the deadline for conducting the conference, June 4, 2008.

| | |
|---|---|
| LAST DAY FOR FILING MOTIONS TO AMEND OR ADD PARTIES | August 13, 2008 |
| CLOSE OF (CLASS) DISCOVERY | October 12, 2008[3] |
| LAST DAY TO FILE MOTION FOR CLASS CERTIFICATION | November 11, 2008 |
| LAST DAY TO FURNISH EXPERT WITNESS REPORT BY PLAINTIFF | 60 days after a ruling on class certification |
| LAST DAY TO FURNISH EXPERT WITNESS REPORT BY A DEFENDANT | 90 days after a ruling on class certification |
| CLOSE OF (MERITS) DISCOVERY | 140 days after a ruling on class certification |
| LAST DAY FOR FILING CIVIL MOTIONS EXCLUDING MOTIONS IN LIMINE | 30 days after the close of (merits) discovery |
| PRE-TRIAL ORDER DUE | 60 days after the close of (merits) discovery[4] |

The Court is aware of the agreement contained in the Rule 26(f) Report pertaining to the preservation, disclosure, or discovery of electronically stored information. (Doc. no. 42, ¶ 9). This agreement shall be incorporated as part of this Order as if set forth fully herein.

The Court is aware of the agreement contained in the Rule 26(f) Report pertaining to the

---

[3]In order to facilitate the orderly progression of discovery, and per the parties request, the Court has bifurcated the discovery period such that the initial 120 days of discovery shall be limited to issues of class certification, while the remaining 140 days will be open for discovery on all other pertinent matters. The Court is aware that the parties have requested that the deadline set for the close of discovery not commence until the Court has ruled on Defendant's Rule 12(b)(6) motion (doc. no. 42, p. 6). However, as previously noted, the Court has taken the motion to dismiss into account and has extended all deadlines up to the date to file a motion for class certification by thirty days. Notably, upon the conclusion of class discovery, merits discovery will be stayed pending a ruling on Plaintiff's motion for class certification. Should an additional extension become necessary, the parties are of course free to file a motion, supported by briefing, at the appropriate time. Moreover, the Court is aware of Defendant's requests that discovery should not commence until there is a ruling on Defendant's motion to strike class allegations. (Id.). As Plaintiff objects to this proposition, Defendant should bring its request by separate motion, thereby allowing both sides to fully brief their positions.

[4]The required form for the pre-trial order may be found on the web site for the Southern District of Georgia at www.gasd.uscourts.gov/.

inadvertent production of privileged documents. (Doc. no. 42, ¶ 10). This agreement shall be incorporated as part of this Order, as if set forth fully herein.

Defendant(s) shall submit their portion of the pre-trial order to Plaintiff five (5) days before the pre-trial order deadline, in default of which sanctions may be imposed.

Motions in limine shall be filed no later than TWENTY (20) DAYS PRIOR TO THE PRE-TRIAL CONFERENCE.

All motions, other than summary judgment and motions to dismiss, shall be accompanied with a proposed order.

**ANY WITNESS KNOWN PRIOR TO THE CLOSE OF DISCOVERY AND NOT DISCLOSED WILL NOT BE ALLOWED.**

Curriculum vitae on all expert witnesses shall be filed separately with the pre-trial order. This rule will be strictly adhered to and the Court will not allow the expert witness to testify if this has not been complied with.

SO ORDERED this 18th day of July, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

LAURA A. OWENS, individually and on behalf of a class of all others similarly situated,

Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant.

CIVIL ACTION NO. 2:14-CV-074-RWS

## SCHEDULING ORDER

Having conducted a telephone conference with counsel on May 19, 2015, the Court enters the following Scheduling Order.

**Pre-Certification Discovery:** Phase one, pre-certification discovery shall commence on May 28, 2015, and shall continue until August 31, 2015, with written discovery and depositions to take place in accordance with Part 11 of the Joint Preliminary Report and Discovery Plan [36].

**Motions for Summary Judgment:** Summary judgment motions shall be filed by September 30, 2015. Responses and replies shall be filed in accordance with L.R. 7.1C.

**Motion for Class Certification:** Within 30 days of the Court's order(s) on the parties' motion(s) for summary judgment, Plaintiff shall file any supplemental brief in support of her motion for class certification. MetLife's response to Plaintiff's motion for class certification shall be filed with 45 days after service of the motion or within 45 days of the Court's order(s) on the parties' motion(s) for summary judgment, whichever comes later. Plaintiff's reply to MetLife's respoonse shall be filed within 30 days after service of MetLife's response.

**Classwide Merits Discovery (phase two):** Phase two, classwide merits discovery shall commence 10 days after the Court enters an order deciding Plaintiff's motion for class certification, in the event a class is certified, and shall continue for 90 days.

**SO ORDERED**, this 19th day of May, 2015.

**RICHARD W. STORY**
United States District Judge



AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARK R. HUFFMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 10-5135 |
| THE PRUDENTIAL INSURANCE CO. OF AMERICA | : | |
| | : | |

**ORDER**

AND NOW, this 13th day of May, 2011, upon conference:

1. By Thursday, May 19, 2011, defendant may file a motion for judgment on the pleadings. By Friday, June 24, 2011, plaintiff may file a response to the motion or file an amended complaint. By Friday, July 15, 2011, defendant may file a reply.

2. By Wednesday, November 11, 2011, plaintiff shall file a motion for class certification. By Friday, December 9, 2011, defendant may file a response to the motion. By Friday, December 23, 2011, plaintiff may file a reply.

3. Discovery is to proceed, class or merits or both, to the extent the parties agree.

A Rule 16 conference will be held on Tuesday, July 12, 2011, at 11:00 a.m. by telephone, plaintiff to initiate the call to chambers. By Friday, July 8, 2011, counsel shall provide a joint status report describing the extent to which discovery is proceeding and any other information helpful for the next Rule 16 conference.

This case management order supersedes any prior order.

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| DENISE MERRIMON and BOBBY S. MOWERY, Plaintiffs, | ) | |
| v. | ) | Docket no. 1:10-cv-447-NT |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant | ) | |

**POST-CONFERENCE REPORT**
**AND SCHEDULING ORDER**

On May 29, 2012, the Court held a telephonic conference with the parties regarding the course of future proceedings in this case. Appearing on behalf of the Plaintiffs were John C. Bell Jr., Esq., Arielle Cohen, Esq., M. Scott Barrett, Esq. and Andrea Bopp Stark, Esq. Appearing on behalf of the Defendant were Byrne J. Decker, Esq., Gavin G. McCarthy, Esq., and Donald R. Frederico, Esq. The parties have agreed to the following deadlines in this case:

**DISCOVERY SCHEDULE**

- Plaintiffs shall designate any experts on issues of remedy on or before **August 15, 2012**.
- Unum shall designate any experts on issues of remedy on or before **November 15, 2012**.
- The parties shall complete all discovery on issues of remedy by **December 14, 2012**.
- The Court will schedule a pre-trial conference, deadlines for motions *in limine*, other trial-related deadlines, and trial no earlier than **January 14, 2013**.

## CLASS IDENTIFICATION

- Unum shall, by **July 31, 2012**, provide to Plaintiffs a list of all policyholders to whom Unum issued a CXC group life insurance policy under which Unum established a retained asset account for a beneficiary between October 28, 2004, and the date of the procedural order.

- Plaintiffs shall, by **August 14, 2012**, provide Unum with a list of those policyholders whose policies Plaintiffs contend are governed by ERISA.

- Unum shall, by **August 28, 2012**, provide Plaintiffs with a list of any policyholders included on Plaintiffs' list that Unum contends are not governed by ERISA.

- If any disputes remain as to which policyholders are subject to ERISA and which are not, the parties shall meet and confer regarding such disputes prior to **September 11, 2012**.

If disputes remain following that meet and confer, the parties shall so inform the Court and seek a conference to discuss a procedure for resolving such disputes.

## CLASS NOTICE

- By **July 20, 2012**, Plaintiffs shall provide to Unum a proposal for the content and mechanics of providing notice to the class pursuant to Rule 23(c)(2).

- By **August 13, 2012**, Unum shall provide to Plaintiffs any proposed revisions to that proposal.

- By **August 20, 2012**, the parties shall meet and confer regarding any disputes about the content and mechanics of class notice.

- By **August 27, 2012**, Plaintiffs shall submit to the Court for approval its proposal for the content and mechanics of class notice.

- If Unum objects to the proposal, it shall file any such objection by **September 10, 2012**.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 30th day of May, 2012.

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing document to be filed with the Clerk of Court using the Court's electronic filing system which will cause a copy of the document to be served electronically upon the following opposing counsel of record:

William H. Horlock, Jr., Esquire
Glenn S. Bass, Esquire
SCRUDDER, BAASS, QUILLIAN, HORLOCK TAYLOR & LAZARUS LLP
900 Circle 75 Parkway, Suite 850
Atlanta, GA 30339

Michael R. Baumrind, Esquire
Tianna S. Mykkeltvedt, Esquire
BONDURANT MIXSON & ELMORE LLP
1201 West Peachtree Street, NW, Suite 3900
Atlanta, GA 30309

This 17th day of May, 2018.

*s/ John C. Bell, Jr*
John C. Bell, Jr.
COUNSEL FOR PLAINTIFF