# In the United States District Court
# Southern District of Georgia
# Brunswick Division

CHRISTINA BRINSON, and all
other persons similarly
situated,

  Plaintiff,      CV 215-99

v.

PROVIDENCE COMMUNITY
CORRECTIONS,

  Defendant.

## ORDER

This case was remanded to this Court by the Eleventh Circuit Court of Appeals on a limited basis, that is, to determine whether subject matter jurisdiction exists. Upon remand, the Court ordered jurisdictional discovery and supplemental briefing thereon. Thereafter, Plaintiff filed several motions, including a motion to amend the complaint, dkt. no. 32, a motion to certify issues to the Georgia Supreme Court, dkt. no. 35, a motion to compel discovery, dkt. no. 43, a motion to certify class, dkt. no. 50, and a motion to preserve evidence, dkt. no. 54. The jurisdictional issue and Plaintiff's motions are now before the Court.

## BACKGROUND

In 2012, Plaintiff Christina Brinson pled guilty in Georgia's Wayne County State Court to several misdemeanor offenses. The court imposed fines on Brinson and sentenced her to four one-year terms of confinement, but the court allowed her to serve the sentences on probation. Under Georgia law, counties can take the more traditional route of establishing and operating their own probation systems, see O.C.G.A. § 42-8-101(a)(2), but they can also contract with private companies for the private provision of probation services, see id. § 42-8-101(a)(1). The Wayne County State Court, along with Wayne County itself, contracted with Defendant Providence Community Corrections ("Providence") for the private provision of probation services. Wayne County State Court referred Brinson to Providence for probation.

The "Services Agreement" among Providence, Wayne County, and the Wayne County State Court created what it deemed a "user-based fee program." Under this program, Providence generated income by requiring probationers to pay Providence costs and fees associated with the various services the probationers received as part of their probation. Wayne County and the Wayne County State Court paid nothing to Providence; the court's obligation was simply to enforce probationers' duty to pay for services received.

In July 2015, Brinson filed suit in this Court, attacking Georgia's private-probation system and seeking relief on behalf of a class of individuals who have paid probation-related fees to Providence in Georgia. In Count I of her original complaint, dkt. no. 1, she seeks an order declaring the statute authorizing Georgia's private-probation system, O.C.G.A. § 42-8-101(a)(1),[1] unconstitutional on a number of grounds under the U.S. and Georgia Constitutions. Count I also seeks a declaration that the Services Agreement is void for not having been properly approved or re-approved by Wayne County and the Wayne County State Court. In Count II, Brinson seeks damages under the Georgia-law theory of "money had and received" based on the fees she paid pursuant to the allegedly void Services Agreement.

Providence responded to the complaint with a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim. Dkt. No. 8. First, Providence argued that the Court lacked jurisdiction over the complaint because Brinson failed to establish her standing to bring suit. Providence also asserted a number of reasons why it believed Brinson failed to state a claim. The Court granted Providence's motion to dismiss, finding that, although Brinson adequately alleged her standing, each of the claims she asserted failed to state a claim. At no

---

[1] Until July 1, 2015, this provision was codified at O.C.G.A. § 42-8-100(g) and was substantially the same. See 2015 Ga. Session Laws, Act 73 (H.B. 310) § 3-2. Brinson's complaint refers to the prior codified version of the provision rather than the current version.

point did Brinson ask the Court for leave to amend her complaint.

On appeal, the Court of Appeals did not reach the merits of the dispute because it had "serious doubts about whether subject-matter jurisdiction exists over this case." See Brinson v. Providence Cmty. Corr., 703 F. App'x 874, 876 (11th Cir. Aug. 9, 2017). The Court of Appeals remanded the case "for further proceedings on the issue of subject-matter jurisdiction." Id. at 878.

## DISCUSSION

### I. Subject Matter Jurisdiction

Providence acknowledged during the limited jurisdictional discovery period that it had made a typographical error in its appellate brief as to the date it ceased performing probation services in Wayne County.[2] This typographical error on the part of Providence might have led to the question on appeal regarding whether Ms. Brinson was on probation with Providence at the time this action was filed. See Brinson, 703 F. App'x at 876 (questioning whether Brinson had standing to seek declaratory relief if she was not on probation at the time she filed her complaint).

---

[2] In its responses to Plaintiff's interrogatories, Providence acknowledged that it ceased performing probation services in Wayne County in March 2016. Dkt. No. 36 at 27 ¶ 1. In its appellate brief, however, Providence stated that its contract had "been terminated effective April 2015." Brinson v. Providence Cmty. Corr., No. 16-11538, Appellee Br., n.1. During discovery, Providence acknowledged that "the 2015 date was the result of a typographical error."

**Class Action Fairness Act**

At the Court's direction and pursuant to the Court of Appeals' instruction upon remand, the Parties engaged in jurisdictional discovery. Based on the information to which the parties stipulated, the Court finds that diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]").

Plaintiff is and was a resident of Georgia at the time she filed the Complaint. Dkt. No. 33 ¶ 9; Dkt. No. 36 at 2. At the time the Complaint was filed, Defendant was a Delaware corporation with its principal place of business in Arizona. Dkt. No. 33 ¶ 5. The alleged amount in controversy may be greater than five million dollars. Id. ¶ 6. At the hearing on this matter, the parties stipulated that no facts exist which would create an exception to jurisdiction under CAFA. See § 1332(d)(4). Accordingly, the Court finds that subject matter jurisdiction exists over this case pursuant to the Class Action Fairness Act.

AO 72A
(Rev. 8/82)

### Declaratory Judgment Claims

As noted *supra*, Brinson's original complaint contains claims for declaratory relief. See Dkt. No. 1 (Count I). The Court of Appeals questioned whether Brinson lacks standing to bring these claims, or, more specifically, whether Brinson's declaratory judgment claims are moot because she is no longer serving probation under Providence. See Brinson, 703 F. App'x at 877 (noting that "even if [it] were inclined to . . . allow at least one of Brinson's declaratory-relief claims to proceed to discovery, it seems likely that any such claim has been mooted by the fact that Brinson is no longer serving probation under Providence"); id. at 876 ("'Declaratory relief is by its nature prospective,' and '[f]or a plaintiff seeking prospective relief to have standing, he must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'" (quoting McGee v. Solicitor Gen. of Richmond Cty., Ga., 727 F.3d 1322, 1325 (11th Cir. 2013))).

Brinson's proposed amended complaint[3] notably omits the claims for prospective relief asserted in the original complaint. Compare Dkt. No. 1 (asserting declaratory judgment claims in Count I) with Dkt. No. 32-2 (omitting declaratory judgment claims). In the Parties' joint motion to modify scheduling order, Brinson expressly withdrew her declaratory

---

[3] The Court will address Brinson's pending motion to amend/correct complaint, dkt. no. 32, *infra*.

6

judgment claims. Dkt. No. 33 ¶ 7. The motion is signed by both parties and complies with Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the rule governing the dismissal of actions. Brinson's claim withdrawal was unconditional—that is, she did not condition the withdrawal on the Court's granting her motion for leave to amend the complaint. At the post-remand motions' hearing, Plaintiff made no attempt to assert or revive the declaratory judgment claims. Accordingly, Count I is withdrawn, and, as such, now moots any question of standing to bring the withdrawn claim.

## II. Brinson's Motions

On the last day of jurisdictional discovery, Plaintiff filed a motion to amend/correct the complaint. Dkt. No. 32. Soon thereafter, the parties filed a joint motion to modify the briefing schedule previously ordered, dkt. no. 33, acknowledging that the jurisdictional question had effectively been resolved but that a new one, i.e., whether the Court should allow Plaintiff to amend the complaint, had arisen. The Court ordered revised briefing and held a hearing on this issue. Dkt. Nos. 34, 47. Thereafter, Plaintiff filed a motion to certify issues to the Georgia Supreme Court, dkt. no. 35, a motion to compel discovery, dkt. no. 43, a motion to certify class, dkt. no. 50, and a motion to preserve evidence, dkt. no. 54.

**Threshold Question**

Before the Court can address whether to allow Brinson to amend the complaint, it must answer the threshold question of whether Brinson's motion to amend (and other motions) are properly before the Court. After all, the Court of Appeals' instruction to this Court upon remand was to conduct "further proceedings on the issue of subject-matter jurisdiction." Brinson, 703 F. App'x at 878. The Court questions whether veering from that instruction and allowing motion practice at this stage is what the Appellate Court intended when it remanded the case.

In cases such as this where subject matter jurisdiction is questioned on appeal, the Court of Appeals has sometimes issued an order for limited remand wherein the Court of Appeals provides explicit instructions to the district court to first determine whether subject matter exists and then to either vacate its previous order or return the record, as supplemented, to the Court of Appeals for further proceedings. See, e.g., Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., No. 15-14334 (11th Cir. Jan. 20, 2016), ECF 22. The Court of Appeals did not issue such an order here. Instead, the Court of Appeals issued both an Opinion vacating and remanding this Court's previous Order dismissing Plaintiff's Complaint and, thereafter, a mandate entering judgment. Accordingly, the Court determines

the remand from the Court of Appeals is not limited strictly to a determination of subject matter jurisdictions and, as such, this Court may properly address Plaintiff's pending motions.

**Brinson's Motion to Amend**

Plaintiff filed the original complaint, dkt. no. 1, on July 22, 2015, and Defendant responded with a motion to dismiss on August 24, 2015, dkt. no. 8. Just days after dismissal of her complaint by this Court on March 31, 2016, dkt. no. 14, Brinson filed a notice of appeal to the Eleventh Circuit, dkt. no. 15. The Court of Appeals issued its opinion remanding the case to this Court on August 9, 2017, and the mandate issued on October 10, 2017. On December 14, 2017, Brinson filed a motion to amend/correct her complaint, dkt. no. 32.

Under Rule 15(a)(1), a party may amend its complaint once as a matter of right within twenty-one (21) days after service of a motion under Rules 12(b), (e), or (f). "The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1473 (emphases added); see also In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Even when a party may not amend as a matter of right, it may amend with the

O 72A
(ev. 8/82)

opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).

The Federal Rules of Civil Procedure require leave to amend a party's pleading be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Before calendar is set, the court may only deny leave to amend when a "substantial reason exists" for that denial. See Shipner v. E. Air Lines, 868 F.2d 401, 407 (11th Cir. 1989) ("[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.").

"Generally, '[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" Bryant v. Dupree, 252 F.3d 1161 (11th Cir. 2001) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The district court may deny a motion for leave to amend as futile "when the complaint as amended would still be properly dismissed or be immediately subject to summary

AO 72A
(Rev. 8/82)

judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

In addition, a district court has discretion to deny leave to amend when the moving party offers no adequate explanation for a lengthy delay. See Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1218 (11th Cir. 2004) (affirming the denial of leave to amend where the moving party offered no explanation for why she could not have included the proposed amended pleadings in her original complaint or her first amended complaint); Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999) (affirming denial where "[t]he facts upon which the claims ... were based were available at the time the complaints were filed"); Hester v. Int'l Union of Operating Eng'rs, 941 F.2d 1574, 1579 (11th Cir. 1991) ("Given the long history of this case, and the opportunities for [the plaintiff] to attempt to cure the deficiencies in the complaint, [the plaintiff's] proposed amendment was clearly untimely...."); see also Quaker State Oil Refining Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989) ("[P]arties seeking the benefit of the rule's liberality have an obligation to exercise due diligence...."). The decision whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut., Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981). "[T]here is no abuse of discretion in denying an amendment where a party is

aware of facts supporting an alternative theory, but delays until after the original theory is rejected before seeking to amend." Pines Props., Inc. v. Am. Marine Bank, 156 F. App'x 237, 241 (11th Cir. 2005).

Brinson asserts that an amendment is necessary "to better and more fully set forth the jurisdiction and substantive claims asserted on behalf of the Class and Subclasses." Dkt. No. 32 at 1.

Providence does not oppose Brinson's proposed amended complaint to the extent it alleges facts to support the existence of subject matter jurisdiction but does oppose it in all other respects. Dkt. No. 33 at 11. Providence argues that the Court should not allow the amendment based upon theories of undue delay and futility of amendment. See Dkt. No. 37.

Brinson's motion offers almost no argument other than to say she "does not believe that there is even a hint in this case of undue delay, . . . or that there would be any undue prejudice to the Defendant." Dkt. No. 32-1 at 2. Not until her reply brief does Brinson offer reasons why the Court should allow amendment. Her arguments are essentially that the passage of time alone does not justify denial of leave to amend and that amendment would not be futile because the merits of the underlying case deserve adjudication.

1. Brinson's Delay in Moving to Amend

Missing from Brinson's submissions and oral argument is any explanation as to why she waited until now to move to amend her complaint. Seven months went by after Providence filed its motion to dismiss before this Court ruled on the motion. Brinson did not file a motion to amend, motion to compel discovery, nor any other motion with the Court during that time. Nor did Brinson file a motion to reconsider or attempt to amend her complaint after this Court's dismissal order. Instead, Brinson filed a notice of appeal just four days after this Court granted dismissal. See Dkt. No. 15. The case was pending sixteen months with the Court of Appeals.

Brinson points out that when the Court granted the motion to dismiss, no discovery had been conducted and no formal scheduling order had been entered. Thus, the Court had published no deadline within which to file a motion for leave to amend. However, the Court did issue an Order instructing the parties to conduct a Rule 26(f) conference and advising the parties of the general deadlines for civil cases. See Dkt. No. 2. Within that instruction Order are general deadlines for discovery, including written discovery and depositions. See id. at 1. That the parties failed to file their Rule 26(f) report, which triggers this Court's issuance of a scheduling order, is no excuse for their failure to engage in discovery—particularly

13

AO 72A
Rev. 8/82)

as to Brinson in light of the pending motion to dismiss. Furthermore, Brinson acknowledges that, other than jurisdictional discovery, the parties <u>still</u> have not engaged in discovery. Dkt. No. 40 at 2. Yet, Brinson was able to draft a proposed amended complaint. Brinson has presented neither argument nor evidence that she did not have access to the same substantive information contained in her proposed amended complaint at the time she filed her initial complaint or, at the very least, during the pendency of the motion to dismiss.

Brinson has the burden of showing that the Court should grant her motion for leave to file an amended complaint. Brinson has simply not done so. She's provided the Court with <u>no</u> explanation as to why she could not have moved for leave to amend before the Court issued its dismissal order. <u>Carruthers</u>, 357 F.3d at 1218 (affirming the denial of leave to amend where the moving party offered no explanation for why she could not have included the proposed amended pleadings in her original complaint or her first amended complaint); <u>see also</u> <u>Quaker</u>, 884 F.2d at 1517 ("[P]arties seeking the benefit of the rule's liberality have an obligation to exercise due diligence....").

Though leave to amend is generally "given freely," <u>Foman</u>, 371 U.S. at 182, for the Court to do so here, it would have to ignore Brinson's complete failure to formulate her claims while the motion to dismiss sat pending, as well as her lack of

14

explanation as to why she could not have included the information contained in her proposed amended complaint in her original complaint. It appears to the Court that Brinson is expecting another bite at the apple by virtue of the Court of Appeals' remand without reaching the merits. Though Brinson is correct that "the proposed amendment would be the first amendment," dkt. no. 40 at 2, such a characterization does not adequately reflect the lengthy procedural history of this case or her lack of effort to move the case forward during that time. "Nothing requires that a plaintiff's presumptive one chance to amend be given after an order of dismissal has been entered, as opposed to before any such order." Almanza v. United Airlines, Inc., 851 F.3d 1060, 1075 (11th Cir. 2017). For these reasons, the Court **DENIES** Brinson's motion for leave to amend the Complaint, dkt. no. 32.

2. Futility

Should this case reach the Court of Appeals once more, the Court finds it prudent to also address Providence's argument that allowing Brinson to amend her complaint would be futile.

As noted *supra*, the Court need not allow an amendment where same would be futile. In re Engle Cases, 767 F.3d at 1108-09; Cockrell, 510 F.3d at 1307. After careful consideration of the proposed amended complaint, dkt. no. 32-2, the Court concludes that an amendment would be futile.

O 72A
tev. 8/82)

Providence characterizes Brinson's proposed amended complaint, in large part, as "simply rearrange[d] and repackage[d] claims the Court dismissed on the merits almost two years ago." Dkt. No. 37. The Court must agree. Counts I through IV in the proposed amended complaint are essentially a combination of Counts I (declaratory judgment based on violations of the U.S. and Georgia Constitutions) and II (money had and received) from the original complaint. In its prior dismissal order, this Court dismissed both Counts. Now, after the benefit of the Court's dismissal Order and the Court of Appeals' remand Opinion—which expressed serious doubts about Brinson's ability to bring declaratory judgment claims—Brinson asserts constitutional violations with a "money had and received" component. The asserted constitutional violations are the same[4] and have been addressed by this Court in its dismissal order: violations of the Due Process Clause of the 14th Amendment, violation of the Georgia Constitution's Bill of Rights prohibition on imprisonment for debt; violation of the separation of powers doctrine; violation of public policy, etc. The grounds for the alleged constitutional violations (though slightly embellished in the proposed amended complaint) have also already been addressed by this Court's dismissal Order:

---

[4] Tellingly, Brinson's proposed amended complaint omits one constitutional violation alleged in the original complaint: violation of the 5th Amendment Due Process Clause of the U.S. Constitution. The Court's prior dismissal Order articulated exactly why such a claim was meritless. Dkt. No. 14 at 21.

AO 72A
Rev. 8/82)

conflict of interest, vagueness, no guidelines for establishing monthly probation fees, failure to pay fees results in incarceration, a cap on indigency cases, lack of approval, lack of reapproval, lack of authority to collect fees, etc. The Court has already addressed and dismissed these claims, and, therefore, it would be futile to allow these claims to go forward.

Aside from the repackaged constitutional claims discussed above, Brinson's proposed amended complaint asserts one new theory: violation of Chapter 503-1 of the Rules and Regulations of the State of Georgia (Subclass B) (Count V). The proposed amended complaint alleges, in part:

> None of the Defendant's contracts under which it collected fees that it denominated as probation supervision fees from the Plaintiff and members of Subclass B had been filed with the County and Municipal Probation Advisory Council of Georgia as commanded by Rule 503-1-.22 of the Rules and Regulations of the State of Georgia. . . .
>
> The requirement to file the contracts as required by law is a precondition for the contracts to become valid contracts under which a private, for-profit company could charge for and collect fees denominated as probation supervision fees from probationers.

Dkt. No. 32-2 ¶ 113-114. In other words, the proposed amended complaint alleges that Providence's failure to file its contracts with the County and Municipal Probation Advisory Council ("Council"), as required by Ga. Comp. R. & Regs. 503-1-.22 ("the Regulation"), results in the automatic voiding of the

contracts *ab initio* and triggers the class members' right to insist that Providence relinquish and repay all probation supervision fees.

The Regulation begins:

> **To be approved** to operate a probation entity and continuously thereafter, owners, directors and/or agents must have the qualifications set forth below. These qualifications must be demonstrated at the time of registration application and at any other time reasonably requested by the council.

Ga. Comp. R. & Regs. 503-1-.22 (emphasis added). The Regulation sets forth "[i]nitial qualifications . . . upon application for registration approval to operate a probation entity," and then states that the "registration application" for a

> Private Probation Service Plan . . . must demonstrate through a written plan or sample contract form, the reasonable ability to furnish continuous service in compliance with probation entity requirements from the date operation commences. Private probation entity plans and contracts must minimally contain the following information **and must be filed and maintained current with the council**[.]

Id. (emphasis added). The Regulation goes on to list several categories of information that must be contained in a private probation entity plan. See id.

Brinson's proposed amended complaint does not allege that the Council *never* approved Providence's Services Agreement, only that the Services Agreement had not been filed with the Council, and that such a requirement is a precondition for the contract to become valid. Dkt. No. 32-2 ¶ 113-114.

18

72A
v. 8/82)

Even assuming that Brinson is correct that Providence failed to file the Services Agreement with the Council, the Court does not conclude that such a failure renders the Services Agreement void. To the contrary, the regulations themselves outline the potential adverse consequences of noncompliance with the requirements:

> The council shall have the authority to deny, suspend, and revoke the registration approval of a probation entity for noncompliance with requirements. Additionally, it shall have the authority to issue a written reprimand or assess administrative fines against any probation entity for noncompliance with requirements.

Ga. Comp. R. & Regs. 503-1-.37. Nowhere in the Regulation does it state that failure to file a probation plan automatically renders it void, and the Court refuses to read that requirement into the Regulation. Therefore, Brinson's claim that Providence's failure to file the Services Agreement with the Council renders it void *ab initio* must fail. Fed. R. Civ. P. 12(b)(6). The Court concludes that it would be futile to allow Brinson to file the proposed amended complaint. Her motion for leave to amend, dkt. no. 32, is **DENIED**.

### Brinson's Other Motions

In accordance with the Court's ruling *supra*, Brinson's motion to certify issues to the Georgia Supreme Court, dkt. no. 35, motion to compel discovery, dkt. no. 43, motion to certify

class, dkt. no. 50, and motion to preserve evidence, dkt. no. 54, are **DENIED as moot**.

## CONCLUSION

Brinson's motion to amend/correct the complaint, dkt. no. 32, is **DENIED**. Brinson's motion to certify issues to the Georgia Supreme Court, dkt. no. 35, motion to compel discovery, dkt. no. 43, motion to certify class, dkt. no. 50, and motion to preserve evidence, dkt. no. 54, are **DENIED as moot**. The Court reaffirms its Order, dkt. no. 14, dismissing Brinson's original complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). There being no claims remaining in this case, the Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 24th day of August, 2018.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

O 72A
(ev. 8/82)